

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THERESA R. MANNS-RICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-425-A |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Now before the court is the motion for summary judgment filed in the above action by defendant, JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC.[1] Plaintiff, Theresa R. Manns-Rice, filed nothing in response to the motion. Having now considered the motion, the entire summary judmgment record, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

<u>Plaintiff's Claims</u>

Plaintiff initiated this removed action by the filing on February 28, 2011, of her original petition ("Petition") in the District Court of Tarrant County, Texas, 153rd Judicial District,

---

[1] Chase Home Finance, LLC was the entity named as a defendant in plaintiff's state court petition. The court will use the correct name as set forth by defendant in the motion for summary judgment.

asserting claims and causes of action related to defendant's attempt to foreclose on plaintiff's property.[2] In the Petition, plaintiff asserted claims and causes of action for defamation, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681x, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p; wrongful foreclosure; breach of contract; and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601-2617. Plaintiff also sought declaratory and injunctive relief.

II.

The Summary Judgment Motion

Defendant argues for summary judgment on the following grounds: (1) plaintiff's defamation claim fails because defendant did not report false information, such a claim is preempted by the FCRA, and the statements complained of are substantially true; (2) as to plaintiff's FCRA claim, defendant is only a furnisher of information and is not liable under the facts alleged; (3) defendant is not a debt collector under the FDCPA, and the debt was not in default at the time defendant acquired the debt; (4) no foreclosure has occurred as is required to support a claim of wrongful foreclosure; (5) plaintiff's

---

[2]CTX Mortgage Company, LLC, was also originally named as a defendant. By order signed November 3, 2011, the court dismissed CTX Mortgage without prejudice for failure of plaintiff to serve it with process.

breach of contract claim fails because she failed to perform her obligations under the contract, and she failed to identify any contractual provision breached by defendant; (6) plaintiff has failed to state any claim under RESPA; (7) plaintiff cannot establish a justiciable controversy for her declaratory judgment claim, nor has she shown entitlement to injunctive relief; (8) all of plaintiff's claims fail because she has sustained no damages; and (9) plaintiff admitted defendant committed no wrongful acts.

## III.

### Undisputed Facts

The following facts are undisputed in the summary judgment record:

On or about March 1, 2007, plaintiff and her then-husband, James E. Rice, Jr.,[3] executed a deed of trust to secure payment of a promissory note in the amount of $116,901.00. The note and deed of trust secured the purchase of plaintiff's property located in Fort Worth, Tarrant County, Texas. Although plaintiff was required to make monthly payments toward her loan, she defaulted on her payment obligations under the note and deed of trust following the September 2008 payment. Plaintiff has made no further payments on the note since the September 2008 payment.

---

[3] James E. Rice, Jr., has never been a party to the litigation.

3

Beginning on December 3, 2008, and as reflected in the record, continuing through at least June 15, 2011, plaintiff sent letters to defendant concerning her mortgage loan. In each of the letters plaintiff acknowledged, directly or indirectly, that she was delinquent in payment of her mortgage payments. For example, in the December 3, 2008 letter plaintiff stated:

> It is my deepest desire to maintain my home and bring my payments current as soon as possible. Due to recent changes in my marital status and a reduction in income, I am unable to make full payments at this time and am able to provide any documentation needed.

Def.'s App. in Supp. of Mot. for Summ. J. ("Def.'s App.") at 40. In the December 3, 2008 letter plaintiff admitted that her failure to make timely payments would have a "negative impact to [her] credit history and [her] ability to acquire major purchases in the future." Id.

In a letter dated January 16, 2009, plaintiff acknowledged that unfortunate circumstances had caused her "to become delinquent on [her] mortgage," and noted she had "fallen even further behind" on her payments. Id. at 42. In February 2009, plaintiff "acknowledge[d] that [her] account is in [] arrears in the amount of $4,068.40." Id. at 43. In letters dated June 8, 2010, April 1, 2011, and June 15, 2011, plaintiff continued to affirm that she was delinquent in her mortgage payments. Id. at 44-48.

4

Notwithstanding plaintiff's failure to make the required payments, defendant has not foreclosed on the property. As of the date the summary judgment was filed, plaintiff continued to reside at the property.

IV.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party

5

asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

V.

Analysis

A.   Defamation

The basis of plaintiff's defamation claim is that defendant "falsely stat[ed] that Plaintiff has not paid her mortgage when in fact she has or attempted to make payment." Notice of Removal, Ex. C-1, Pet. at 5. From this statement and allegations in the Petition, plaintiff appears to be contending that defendant made the allegedly defamatory statements in the context of a report to a credit bureau concerning plaintiff's delinquent mortgage payments. Plaintiff's defamation claim fails, however, because "[t]he FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him." Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 638 (5th Cir. 2002) (citing 15 U.S.C.

6

§ 1681h(e)). Plaintiff has adduced no summary judgment evidence that defendant harbored a malicious or willful intent to injure her.

Plaintiff's defamation claim fails for an additional reason: "[i]n suits brought by private individuals, truth is an affirmative defense." Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 646 (Tex. 1995) (footnote omitted). The uncontroverted summary judgment evidence shows that plaintiff has failed to make a payment in the required amount on her mortgage loan since October 2008. Further, the summary judgment record shows that in correspondence to defendant from December 2008 through at least June 2011, plaintiff admitted she had fallen behind and become delinquent in her mortgage payments. The court concludes summary judgment is warranted on plaintiff's defamation claim.

B. FCRA

Plaintiff does not specify the section of the FCRA allegedly violated by defendant, nor are the contours of this claim otherwise defined in the Petition. It appears this claim is based on the same allegations supporting her claim of defamation --that defendant falsely reported to a credit bureau that plaintiff had not made all of her required mortgage payments.

7

For purposes of the FCRA defendant is a furnisher of information. Section 1681s-2 of the FCRA imposes certain duties on furnishers of information, including the duty to report accurate information and the duty to investigate disputed information and report the results of such an investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(a),(b). The FCRA imposes on consumer reporting agencies a duty to notify a furnisher of information of a consumer dispute of reported information. Id. at 1681i(a)(2). The furnisher's duty to investigate is only triggered by receipt of such a notice from a consumer reporting agency. Id. at 1681s-2(b)(1); see also Young, 294 F.3d at 639 (discussing the statutory requirements).

Here, as to the duty to report accurate information, the summary judgment record has no evidence of any inaccurate information reported by defendant concerning plaintiff. As to the duty to investigate, plaintiff does not allege that she notified any consumer reporting agency of a dispute over defendant's information, nor is there summary judgment evidence that defendant ever received such notice and failed to investigate the dispute as required by the FCRA. Absent evidence of such notice, plaintiff's FCRA claim fails as a matter of law. Young, 294 F.3d at 640.

8

C.   FDCPA Claim

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds by 761 F.2d 237. Excluded from the statutory definition of "debt collector" is

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F). Additionally, the "legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry, 756 F.2d at 1208.

Here, the uncontroverted summary judgment evidence shows that defendant was plaintiff's creditor, and that at the time it began servicing the loan, plaintiff was not in default. Accordingly, there is no genuine issue of material fact as would prevent summary judgment on plaintiff's FDCPA claim.

D.   Wrongful Foreclosure

To state a claim for wrongful foreclosure, plaintiff must show: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection

between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.). In a wrongful foreclosure action "[r]ecovery is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property." Peterson v. Black, 980 S.W.2d 818, 823 (Tex. App.--San Antonio 1998, no writ) (internal citations omitted). The mortgagor must have suffered some loss of possession to recover for wrongful foreclosure. Id.; John Hancock Mut. Life Ins. Co. v. Howard, 85 S.W.2d 986, 988 (Tex. Civ. App.--Waco 1935, writ ref'd). The mortgagor has sustained no compensable damage when her possession remains undisturbed. Peterson, 980 S.W.2d at 823.

Here, it is undisputed that no foreclosure sale has occurred and that plaintiff has never lost possession of the property. Accordingly, plaintiff has no claim for wrongful foreclosure.

E.  Breach of Contract

The essential elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Group, LLC, 490 F.3d 380, 387 (5th Cir. 2007) (citing Valero

Mktg. & Supply Co. v. Kalama Int'l, L.L.C., 51 S.W.3d 345, 351 (Tex. App.--Houston [1st Dist.] 2001, no pet.)). Defendant argues that summary judgment is warranted on plaintiff's breach of contract claim because she failed to perform her obligations under the note and deed of trust, and thus cannot establish one of the essential elements of that claim.

The summary judgment record shows that plaintiff admitted she became delinquent in the payment of her mortgage loan payments. Def.'s App. at 40-48. Plaintiff's failure to perform her contractual obligations warrants summary judgment on her breach of contract claim on that basis alone.

Plaintiff alleged that defendant breached its contract because it accepted payments from her without crediting the payments to her loan balance, refused to accept payments when she offered them, and failed to provide accurate and current information about the status of plaintiff's loan. The court finds no evidence of any proper and timely payment by plaintiff that was rejected by defendant. Although the record reflects that on occasion plaintiff's attempts to send partial payments were rejected by defendant, plaintiff directs the court to nothing in the note or deed of trust requiring defendant to accept such partial payments, and she provides the court no authority that failing to do what it was not contractually

11

obligated to do constituted a breach by defendant. Likewise, plaintiff offered neither factual support nor summary judgment evidence for her contention that defendant failed to provide accurate information about the status of her loan. To sum up, plaintiff has adduced no summary judgment evidence to show any breach of any contract between her and defendant.

F. RESPA

As the factual basis for her RESPA claim plaintiff contends that when defendant foreclosed on her property it cancelled her previous insurance; however, upon rescission of the foreclosure, it "force-placed" insurance at a higher rate. Thus, according to plaintiff, "[c]anceling the insurance on the Property and failing to reinstate after the foreclosure was rescinded constitutes a violation of RESPA." Notice of Removal, Ex. C-1, Pet. at 6.

Plaintiff did not specify the provision of RESPA allegedly violated by this conduct. Defendant contends that plaintiff's allegations pertain to payments from her escrow account, and that the only pertinent section of RESPA is 12 U.S.C. § 2605(g), which states:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and

12

>     other charges in a timely manner as such payments
>     become due.

12 U.S.C. § 2605(g). Defendant argues that it is entitled to summary judgment on plaintiff's RESPA claim because there are no factual allegations, nor is there summary judgment evidence, that defendant made untimely payments for plaintiff's insurance premiums. The court agrees, and summary judgment is warranted insofar as plaintiff intended to allege a violation of § 2605(g).

To whatever extent plaintiff's RESPA claim is based on her allegation that defendant failed to reinstate plaintiff's original insurance policy following rescission of a foreclosure, the court is unaware of any provision of RESPA that would be violated by such an action. If plaintiff intended to contend that the institution of force-place insurance was a RESPA violation because it was more expensive than plaintiff's original insurance policy, courts have consistently held that RESPA "is not a price control provision." Friedman v. Mkt. St. Mortg. Corp., 520 F.3d 1289, 1296 & n.8 (11th Cir. 2008) (citing cases). Nor has plaintiff alleged a violation of RESPA's fee-splitting provisions, as such a violation requires a showing that "a charge for settlement services was divided between two or more persons." Freeman v. Quicken Loans, Inc., ___ U.S. ___, 132 S. Ct. 2034, 2044 (2012). Accordingly, summary judgment is granted on whatever RESPA claim plaintiff attempted to assert.

G.  Declaratory Judgment

The Petition seeks declaratory relief as to plaintiff's rights with respect to the mortgage loan and defendant's standing to foreclose. The Texas Uniform Declaratory Judgments Act, section 37.002 of the Texas Civil Practice & Remedies Code, is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one. See Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). Application of either the Texas or federal act leads to the conclusion that plaintiff is not entitled to declaratory relief.

Both the Texas and federal declaratory judgment acts are procedural devices that create no substantive rights. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41 (1937); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). Both the Texas and federal acts require the existence of a justiciable controversy. Aetna, 300 U.S. at 239-41; Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). Because the court has concluded that all of plaintiff's claims and causes of action should be dismissed, no justiciable controversy remains between the parties. Accordingly, summary judgment is warranted on plaintiff's request for declaratory judgment.

Likewise, to prevail on her request for injunctive relief, plaintiff is required to plead and prove, inter alia, "a substantial likelihood of success on the merits." DSC Commc'ns Corp. v. DGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996). Plaintiff's failure to do so warrants summary judgment.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Theresa R. Manns-Rice, against defendant, JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, be, and are hereby, dismissed with prejudice.

SIGNED July 5, 2012.

JOHN McBRYDE
United States District Judge